UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIANO ALFONSO C.L.,[1] <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, <br><br> Respondents. | No. 1:26-cv-02196-TLN-AC <br><br><br><br> **ORDER** |

This matter is before the Court on Petitioner Emiliano Alfonso C.L.'s ("Petitioner")
Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondents filed a response and a Motion to
Dismiss the Petition.  (ECF No. 6.)  For the reasons set forth below, the Petition is GRANTED IN
PART and Respondents are enjoined from continuing to detain Petitioner without a bond hearing.
(ECF No. 1.)

---

[1]     The Court omits Petitioner's full name to protect sensitive personal information.  *See*
Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions,
Committee on Court Administration and Case Management, Judicial Conference of the United
States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-
suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Petitioner's allegedly unlawful detention by immigration authorities. (ECF No. 1.)  On January 15, 2025, Petitioner presented himself at the San Ysidro Port of Entry, applied for admission, and requested asylum. (*Id.* at 4–5.)  Immigration authorities detained Petitioner and initiated expedited removal proceedings against him. (*Id.* at 4, 8.)  On February 19, 2025, after an asylum officer found that Petitioner had established a credible fear of persecution or torture, he was placed in standard removal proceedings. (*Id.* at 5, 8.)

On November 13, 2025, an immigration judge denied Petitioner's asylum application and ordered his removal to El Salvador. (*Id.* at 5.)  On December 11, 2025, Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal is pending. (*Id.*)  As of March 20, 2026, the BIA had not set a briefing schedule. (*Id.* at 16.)

Petitioner is currently in custody at the California City Detention Facility and has been detained for more than eighteen months. (*Id.* at 4.)  Petitioner has never been released into the United States, and he has never received a bond or custody hearing. (*Id.* at 6.)  Petitioner now challenges the lawfulness of his civil detention without a bond hearing. (*Id.*)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

2

### III.   ANALYSIS

Petitioner claims that his prolonged detention without a hearing violates the Fifth Amendment Due Process Clause.[2] (ECF No. 1 at 22.)  The parties agree Petitioner is as an arriving noncitizen detained under 8 U.S.C. § 1225(b)(1).  (*Id.*; ECF No. 6 at 1.)  The statutory basis for Petitioner's detention is therefore not in dispute, and only the constitutionality of his continued detention is before the Court.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas,* 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.  "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Courts in this Circuit routinely find unreasonably prolonged detention under 8 U.S.C. § 1225(b)(1), absent procedural safeguards, is a due process violation warranting a bond hearing. *See Nguyen v. Warden Cal. City Det. Facility*, No. 1:26-CV-01625-JLT-EGC, 2026 WL 1972478, at *2 (E.D. Cal. July 8, 2026) *report and recommendation adopted sub nom. Nguyen v. Warden of the California City Det. Facility*, No. 1:26-CV-01625 JLT EGC (HC), 2026 WL 2141767 (E.D. Cal. July 24, 2026) (finding fifteen-month detention unreasonably prolonged and collecting cases); *Zinaida v. Lyons*, No. 26-cv-02866, 2026 WL 1584699, at *4 (D. Ariz. June 3, 2026) (finding detention over eighteen months unreasonably prolonged); *Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v.*

---

[2]   Petitioner also asserts his detention violates substantive due process (ECF No. 1 at 21), however, finding relief warranted under his procedural due process claim, the Court declines to assess additional claims in favor of judicial economy.

3

*Clark*, No. 18-cv-1669, 2019 WL 5968089, at \*6 (W.D. Wash. May 23, 2019), *report and recommendation adopted* 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (finding seventeen months unreasonably prolonged and setting out an alternate test for reasonableness of detention); *cf. Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("[W]e have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

The Court hereby incorporates the reasoning set out in one such case, *Ohanyan v. Warden of California City Det.*, No. 1:25-cv-01661-TLN-SCR, 2026 WL 183743, at \*6–8 (E.D. Cal. Jan. 23, 2026), *report and recommendation adopted* 2026 WL 295550 (E.D. Cal. Feb. 4, 2026) (applying the analytical framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976) and finding petitioner's prolonged detention without a bond hearing under § 1225(b)(1) unconstitutional).

The Court finds Petitioner has a protected liberty interest in avoiding prolonged detention, and Respondents have not justified their extended deprivation of that liberty. Petitioner's detention of eighteen months without a bond hearing has become unreasonably prolonged. There is no clear end date to his detention as BIA appeals take many months to years, and no briefing schedule is set in Petitioner's case. (ECF No. 1 at 16; *see Banda*, 385 F. Supp. 3d at 1119 (noting the appeal process for an immigration judge's removal order "may take up to two years or longer.")). The risk of erroneous deprivation and the probative value of additional procedural safeguards are high where Petitioner has been provided none. *See Mathews*, 424 U.S. at 335. The government has no legitimate interest in continuing to detain Petitioner in civil detention without any procedural safeguards. *Id.* Finally, the burden on the government to provide such a routine process is minimal. *Id.*

Accordingly, Respondents' eighteen-month detention of Petitioner without any procedural safeguards violates the Fifth Amendment Due Process Clause. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Banda*,

4

385 F. Supp. 3d at 1118 (citing *Jamal v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).  Here, there is no evidence or argument in the record that Petitioner is a danger or flight risk.  (*See* ECF No. 6.)  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  The government must now justify his continued civil detention.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART.[3]

2.    Respondents' Motion to Dismiss the Petition (ECF No. 6) is DENIED.

3.    Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  The factfinder must consider alternative conditions of release and Petitioner's financial circumstances in setting bond.  At any such hearing, Petitioner shall be allowed to have counsel present.  If the government fails to meet its burden, Respondents must immediately release Petitioner.  Respondents may impose any restrictions or conditions determined to be necessary by the neutral factfinder at the hearing.

4.    Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with this Court's Order and identify Petitioner's custody status and the outcome of any hearing.

---

[3]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 1 at 23.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

5.    If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent material changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

6.    The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 5, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE